IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01489-CMA

EDDIE MALLUK,

    Plaintiff,

v.

BERKELEY HIGHLANDS PRODUCTIONS, LLC,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff Eddie Malluk's Motion for Default Judgment against Defendant Berkeley Highlands Productions, LLC (Doc. # 22). For the reasons discussed below, default judgment is entered against Defendant.

### I.     BACKGROUND

Plaintiff Eddie Malluk is a professional photographer in the business of licensing his photographs to online and print media for a fee. (Doc. # 2 at 2, ¶ 5.) In 1988, Plaintiff photographed singer-songwriter Sebastian Bierk (the "Photograph"). (*Id.* at 2, ¶ 7; Doc. # 2-1; Doc. # 18-1 at 1, ¶ 4.) At all times, Plaintiff has been the sole author and owner of the Photograph, including all right, title, and interest in and to the Photograph. (Doc. # 2 at 2, ¶ 8.) Plaintiff registered the Photograph with the United States Copyright Office and the Photograph was assigned the Copyright Registration Number VAu 1-239-882

and effective date of December 16, 2015. (*Id.* at 2, ¶ 9; Doc. # 18-1 at 2, ¶ 5.) Thus, Plaintiff held the copyright to the Photograph.

Sometime after December 16, 2015 and prior to September 26, 2018, Defendant used the Photograph on its website in relation to promoting and selling tickets to a Sebastian Bach concert. (*Id.* at 3, ¶¶ 10–11; Doc. # 2-2; Doc. # 18-1 at 2, ¶ 6.) Plaintiff neither licensed the use of the Photograph to Defendant nor provided consent or permission for Defendant to use the Photograph in any manner. (Doc. # 2 at 3, ¶ 12.)

On May 23, 2019, Plaintiff initiated this action against Defendant and asserted a single claim for violation of the federal Copyright Act, 17 U.S.C. § 101, *et seq.* (Doc. # 1.)[1] In the Complaint, Plaintiff asserts that Defendant infringed his copyright in the Photograph by reproducing, publicly displaying, distributing, and/or using the Photograph on Defendant's website without authorization. (Doc. # 2 at 3, ¶¶ 14–15.) Plaintiff served Defendant the Summons and Complaint on May 29, 2019 (Doc. # 10.)

On January 23, 2020, the Clerk of the Court properly entered an Entry of Default pursuant to Federal Rule of Civil Procedure 55(a). (Doc. # 19.) On February 20, 2020, Plaintiff moved for default judgment against Defendant. (Doc. # 22.) In Plaintiff's Motion for Default Judgment, he requests the amount of $30,000 in statutory damages under 17 U.S.C. § 504(c)(1) and reasonable attorney's fees and full costs under 17 U.S.C. § 505. (*Id.* at 1.) As a result of the Motion, pursuant to D.C.COLO.LCivR 40.1(c)(3)(a), Magistrate Judge Kristen L. Mix reassigned this case and it was assigned to this Court on February 21, 2020 (Doc. ## 25–26). The Court has reviewed and considered the

---

[1] Upon filing this action, Plaintiff filed an Amended Complaint on May 24, 2019. (Doc. # 2.)

Motion, the exhibits and affidavits, and applicable law. Being sufficiently advised on the issues involved, Plaintiff's Motion for Default Judgment is granted against Defendant.

## II. STANDARD OF ENTRY FOR DEFAULT JUDGMENT

Default judgment may be entered against a party who fails to appear or otherwise defend. Fed. R. Civ. P. 55. To obtain a judgment by default, the moving party must follow the two-step process described in Rule 55: "first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b)." *Richfield Hospitality, Inc. v. Shubh Hotels Detroit, LLC*, No. 10-cv-00526-PAB-MJW, 2011 WL 3799031, at *2 (D. Colo. Aug. 26, 2011).

At step two, the decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. V. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997)). A defendant who fails to answer, plead, or otherwise defend an action is deemed to have admitted the factual allegations of the complaint as true. *Brill Gloria v. Sunlawn, Inc.*, No. 08-cv-00211-MSK-MEH, 2009 WL 416467, at *2 (D. Colo. Feb. 18, 2009). The Court also accepts as true the undisputed facts alleged in affidavits and exhibits. *Id.*; *see also Deery American Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007).

Default judgment cannot be entered against defaulting defendants until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). One of the main reasons for this requirement is to prevent plaintiffs who

obtain default judgments from receiving more in damages than is supported by actual proof. *Id.* at n.2. Rule 55(b) provides that "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." A court may enter a default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

In any event, a live evidentiary hearing is not always required. Rather, the hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it. *Ullico Cas. Co. v. Abba Shipping Lines, Inc.*, 891 F. Supp. 2d 4, 7 (D.D.C. 2012); *Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012) ("Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."); *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (same) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538 1544 (11th Cir. 1985)).

### III.     **JURISDICTION**

Before entering default judgment against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction over the parties. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986); *see also Hukill v. Okla. Native Am. Domestic Violence Coalition,* 542 F.3d 794, 797 (10th Cir. 2008) ("[A] default judgment in a civil case is void if there is no personal

jurisdiction over the defendant."). Defects in personal jurisdiction are not waived by default when a party fails to appear or to respond, and the plaintiff bears the burden of proving personal jurisdiction before a default judgment may be entered. *Williams*, 802 F.2d at 1202–03. "Where, as here, the issue is determined on the basis of the pleadings and affidavits, that burden may be met by a prima facie showing." *Sharpshooter Spectrum Venture, LLC v. Consentino,* No. 09-cv-0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) (citing *Shrader v. Biddinger,* 633 F.3d 1235, 1239 (10th Cir. 2011)).

In the instant case, the record evinces that Defendant is a Colorado limited liability company registered with the Colorado Secretary of State to do business in Colorado and with its principal place of business located at 4335 W. 44th Ave., Denver, Colorado, 80212. (Doc. # 2 at 2, ¶ 6.) Defendant was also properly served in Denver, Colorado. (Doc. # 10). As such, because Defendant is a Colorado resident, this Court has personal jurisdiction over it. Additionally, this case arises under the federal Copyright Act, and federal courts have original jurisdiction in such cases. *See* 28 U.S.C. § 1338. Indeed, the Copyright Act creates a cause of action in favor of the owner of a copyright for direct infringement. 17 U.S.C. § 501. Thus, this Court has subject matter jurisdiction over this case.

# IV. DISCUSSION

## A. VIOLATION OF THE COPYRIGHT ACT

### 1. Copyright Infringement

Plaintiff alleges that Defendant violated federal copyright laws under 17 U.S.C. Sections 106 and 501. The Copyright Act provides that an owner of a copyright "has the exclusive rights to do and to authorize" the following:

> (1) to reproduce the copyrighted works in copies or phonorecords;
>
> * * *
>
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
>
> * * *
>
> (5) in the case of . . . pictorial . . . works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly[.]

17 U.S.C. § 106(1), (3), (5). "Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright." 17 U.S.C. § 501(a).

In the instant matter, accepting Plaintiff's allegations as true in light of Defendant's default, he has set forth an adequate claim for copyright infringement. Plaintiff is the owner of the copyright of the Photograph, (Doc. # 2 at 2, ¶¶ 7–9), and as such, he has exclusive rights to reproduce, publicly display, or distribute the Photograph, and authorize others to do the same. 17 U.S.C. § 106. When Defendant used the Photograph on its website to advertise and promote a concert (Doc. # 2 at 3, ¶¶ 10–11; Doc. # 2-2), Defendant did so without Plaintiff's permission (Doc. # 2 at 3, ¶ 12), and as a result, Defendant's conduct constituted copyright infringement under 17

U.S.C. § 501(a). Accordingly, Plaintiff has established a claim for copyright infringement.

> 2. <u>Statutory Damages</u>

Federal law provides for several remedies for infringement. *See* 17 U.S.C. §§ 502–05. Relevant here, Section 504(a) permits a copyright owner to seek from the infringer actual damages and the infringer's additional profits or statutory damages. In this case, Plaintiff elects to recover statutory damages pursuant to Section 504(c). (Doc. # 22 at 1; Doc. # 18-1 at 2, ¶¶ 7, 11.)

Section 504(c)(1) of the Copyright Act permits an award of statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just." In determining the amount of statutory damages, the district court has broad discretion "to assess what is just in a particular case, 'considering the nature of the copyright, the circumstances of the infringement and the like,'" so long as the amount is neither more than the maximum nor less than the minimum. *Broadcast Music, Inc. v. Carey-On Saloon, LLC*, No. 12-cv-02109-RM-MJW, 2014 WL 503447, at *6 (D. Colo. Feb. 7, 2014) (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32 (1952).) Section 504(c)(1) "not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct." *F.W. Woolworth Co.*, 344 U.S. at 233. Put more bluntly, "courts must put defendants on notice that it costs less to obey the Copyright Act than to violate it." *Girlsongs v. 609 Indus., Inc.*, 625 F. Supp. 2d 1127, 1131 (D. Colo. 2008). Courts have awarded statutory damages that are at least

between two and three times the license fees that would have been charged. *Id.* (collecting cases); *Carey-On Saloon, LLC*, 2014 WL 503447, at *6 (same).

Plaintiff requests that the Court award statutory damages pursuant to Section 504(c)(1) in the amount of $30,000. (Doc. # 18-2 at 3; Doc. # 22 at 1.) Specifically, Plaintiff states that he "seeks statutory damages as a deterrent to **willful** infringers." (Doc. # 18-1 at 4, ¶ 15 (emphasis added).) In support of his request, Plaintiff cites several New York federal district court decisions in which courts find that a request for $30,000 in statutory damages upon default is proper. (*Id.* at 4, ¶¶ 15–16.) However, Plaintiff fails to explain the basis for his argument that $30,000 would deter willful infringers in this case. Indeed, Plaintiff's Amended Complaint, Motion for Default Judgment, and supporting documentation are devoid of any factual allegations or evidence germane to how Defendant's infringement was willful. For example, there are no allegations as to whether Defendant was contacted by Plaintiff to inform it that he owned the copyright to the Photograph or to offer it a license to use the Photograph, or that Defendant refused to license or refrain from using the Photograph upon learning of such alleged infringement. *See, e.g., Dallas Buyers Club, LLC v. Cordova*, 81 F. Supp. 3d 1015, 1035 (D. Colo. 2015) (holding that, upon defendant's default, plaintiff established entitlement to willful infringement damages where plaintiff alleged that defendant was informed **both before** and during the litigation of the allegations against him); *Purzel Video GmbH v. Martinez*, 13 F. Supp. 3d 1140, 1152 (D. Colo. 2014) (same); *Major Bob Music v. S. Shore Sports Bar & Grill, Inc.*, No. 2:08-cv-689, 2010 WL 2653330, at *3 (D. Utah June 30, 2010) (concluding that defendants were willful

infringers where they "repeatedly rejected and ignored" plaintiff's offer of a license and "acted as if they are not subject to the copyright laws"). As such, the Court is not persuaded by the New York federal court decisions and declines to rubber stamp Plaintiff's request for the maximum allowable amount in statutory damages for non-willful infringement as a "deterrent to willful infringers."

Furthermore, 17 U.S.C. Section 504(c)(1) provides that Plaintiff may elect to recover statutory damages "in a sum of not less than $750 or more than $30,000 **as the court considers just**." (Emphasis added.)[2] The range of statutory damages within Section 504(c)(1) reflects Congress's intent to equip district courts with discretion to award an amount that advances justice. This Court has also recognized that "infringers should not be free to 'sneer' in the face of the Copyright Act" and that "courts must put defendants on notice that it costs less to obey the Copyright Act than to violate it." *Girlsongs*, 625 F. Supp. 2d at 1131 (quoting *Int'l Korwin Corp. v. Kowalcyzk*, 665 F. Supp. 652, 659 (N.D. Ill. 1987), *aff'd*, 855 F.2d 375 (7th Cir. 1988)). Thus, in conjunction to the important deterrent purpose served by statutory damages, courts exercise their discretion to award statutory damages in relation to license fees for which owners would have charged for use of the copyrighted work. *Id.* at 659 (collecting cases); *see also Major Bob Music*, 2010 WL 2653330, at *3 (collecting cases).

In the instant case, Plaintiff furnished no allegations or evidence upon which this Court can rely to award statutory damages it "considers just." In addition to the absence

---

[2] If the infringement is willful, damages may be increased to up to $150,000. 17 U.S.C. § 504(c)(2).

of evidence as to willful conduct, Plaintiff fails to provide any evidence as to licensing fees for which he charges for use of the Photograph or any of his other copyrighted works. The Court must rely upon **something** other than the goal of deterrence itself to exercise its discretion and determine an appropriate amount of statutory damages. But based on Plaintiff's Amended Complaint, Motion, and supporting documentation, there is nothing on which this Court can utilize to measure a just damages award. As such, the Court declines Plaintiff's invitation to award $30,000 in statutory damages, and, instead, awards the minimum of $750 to Plaintiff as a result of Defendant's infringement.

**B.     ATTORNEYS' FEES AND COSTS**

Pursuant to 17 U.S.C. Section 505, the Court has discretion to allow the recovery of "full costs" and award reasonable attorney's fees to an aggrieved party who prevails. In the instant Motion, Plaintiff requests $2550.00 in reasonable attorney's fees and $440.00 in costs. (Doc. # 22 at 1; Doc. #18-1 at 4–6, ¶¶ 17–19.) This request is supported by an affidavit from Plaintiff's counsel, with extensive documentation that sets forth the total hours worked, rates charges, and the work performed. (Doc. # 18-1 at 5–6, ¶ 19.)

The Court has found that Defendant violated several of Plaintiff's exclusive rights under the Copyright Act and has awarded Plaintiff statutory damages. Defendant has never defended against Plaintiff's claim. Under such circumstances, the Court finds that an award of attorney's fees and costs in the amount of $2,990.00 is appropriate and is reasonable under the three step-process set forth in *Ramos v. Lamm*, 713 F.2d 546

(10th Cir. 1983), overruled on other grounds by *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

V.  **CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff's Motion for Default Judgment (Doc. # 22). It is

FURTHER ORDERED that final judgment is hereby entered in favor of Plaintiff Eddie Malluk and against Defendant Berkeley Highlands Productions, LLC in the amount of $3,740.00.

DATED: March 3, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge